**Banner & Witcoff, Ltd.**
INTELLECTUAL PROPERTY LAW

TEN SOUTH WACKER DRIVE
SUITE 3000
CHICAGO, ILLINOIS 60606-7407

TEL: 312.463.5000
FAX: 312.463.5001
www.bannerwitcoff.com

November 19, 2014

**VIA ECF**

The Honorable Brian M. Cogan
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

**Re:**   *Converse Inc. v. zulily, inc. et al.*, 1:14-cv-05982-BMC
          <u>Fed. R. Civ. P. 26(f) Report</u>

Dear Judge Cogan,

Pursuant to the Court's October 28, 2014, Order, Fed. R. Civ. P. 26(f), and in view of the parties' conferences, Converse Inc., zulily, inc., PW Shoes Inc., and Gina Group, LLC submit the following report:

I.   <u>DESCRIPTION OF THE CASE</u>

   A.   <u>Converse Statement:</u>

Converse Inc. ("Converse") filed suit against zulily, inc., Edamame Kids, Inc. ("Edamame"), Gina Group, LLC ("Gina Group"), Mamiye Imports LLC d/b/a Lilly of New York ("Lilly New York"), Ositos Shoes, Inc. d/b/a Collection'O ("Ositos"), PW Shoes Inc. ("PW"), Shoe Shox, and Wenzhou Cereals Oils & Food Stuffs Foreign Trade Co. Ltd. ("Wenzhou") (collectively, "Defendants") in this Court on October 14, 2014, alleging that Defendants willfully violate Converse's common law and federal trademark rights in the appearance of the midsole design used in connection with Converse Shoes, in particular, in the midsole design made up of a toe bumper and a toe cap, plus either an upper stripe and/or a lower stripe, including U.S. Trademark Registration No. 4,398,753, and the outsole design used in connection with Converse Shoes, including incontestable U.S. Trademark Registration Nos. 1,588,960 and 3,258,103 (collectively, the "Asserted Trademarks"). On that same date, Converse also filed a complaint against Defendants and others in the United States International Trademark Commission (the "ITC"), asserting the same common law and federal trademark rights at issue in this case. On November 12, 2014, the ITC Commissioners unanimously voted to institute Investigation No. 337-TA-936 pursuant to Converse's complaint.

November 19, 2014
Page 2

      In its Complaint in this case, Converse alleges causes of action for trademark infringement, false designation of origin, unfair competition, trademark dilution, and unfair business practices, under the Trademark Act of 1946, 15 U.S.C. §§ 1114, 1125(a), and 1125(c); New York General Business Law §§ 133, 349, and 360; and the common law of the State of New York, at least in view of Defendants' sales, offers for sale, distribution, promotion, and/or advertising of footwear products bearing confusingly similar imitations of Converse's asserted trademark, including at least Gina Group's "Chatties Zebra Hi-Top," Lilly New York's "Canvas Old School," Ositos' "Men's Low-Top Canvas," PW's "Two-Tone Shoe Canvas," Shoe Shox's "Navy Sneaker," and/or Edamame's "Canvas Low-Top" footwear products.

      Converse understands that zulily, inc. sells, offers to sell, distributes, promotes, and/or advertises at least Gina Group's "Chatties Zebra Hi-Top," Lilly New York's "Canvas Old School," Ositos' "Men's Low-Top Canvas," PW's "Two-Tone Shoe Canvas," and Shoe Shox's "Navy Sneaker." Converse further understands that Wenzhou supplies products to Ositos.

      The table below compares Converse's Asserted Trademarks (middle) and Converse Shoes (right) to images of representative accused products (left). The accused products use the same midsole design covered by the Asserted Trademarks, as shown below.



| Accused Product | Converse Asserted Trademark | Representative Converse Shoe |
|---|---|---|
| Gina Group: Chatties Zebra Hi-Top | | |
| Ositos, Wenzhou: Men's Low-Top Canvas | | |

| Accused Product | Converse Asserted Trademark | Representative Converse Shoe |
|---|---|---|
| Lilly New York: Canvas Old School | | |
| Lilly New York: Canvas Old School | | |
| PW: Two-Tone Shoe Canvas | | |
| PW: Two-Tone Shoe Canvas | | |

November 19, 2014
Page 4

| Accused Product | Converse Asserted Trademark | Representative Converse Shoe |
|---|---|---|
| Shoe Shox: Navy Sneaker | | |
| Shoe Shox: Navy Sneaker | | |
| Edamame: Canvas Low-Top | | |

    This Court has subject matter over this action pursuant to at least 15 U.S.C. § 1121(a) and 28 U.S.C. §§ 1331, 1338(a) & (b), and 1367(a), and the Court may exercise personal jurisdiction over Defendants based upon their contacts with this forum, including at least regularly and intentionally doing business here and committing acts giving rise to this lawsuit here.

    On October 28 and 29, 2014, counsel for Converse sent letters to zulily, inc., Gina Group, Lilly New York, Ositos, PW, Shoe Shox c/o zulily, inc., and Wenzhou, notifying these Defendants of the lawsuit, the Court's Orders and upcoming hearing, and Your Honor's Individual Practices, and requesting that they waive service of the summons. After learning of a suspected relationship between them, on November 7, 2014, counsel for Converse sent a letter to Shoe Shox c/o Mamiye Imports, LLC notifying Mamiye that the Shoe Shox brand is the subject of the lawsuit and requesting that it waive service of the summons.

zulily, inc. and PW have waived service, and their Answer or other response to the Complaint is due December 29, 2014. If Gina Group, Lilly New York, and Ositos agree to waive service, their Answer or other response to the Complaint will be due December 29, 2014. If Shoe Shox agrees to waive service, its Answer or other response to the Complaint will be due January 6, 2015. Because Wenzhou resides in China, if Wenzhou agrees to waive service, its Answer or other response to the Complaint will be due January 27, 2015.

On October 24 and 28, 2014, counsel for Converse sent letters to Edamame, notifying Edamame of the lawsuit and requesting that Edamame waive service of the summons. Converse's correspondence to Edamame has been returned as undeliverable.

After reviewing the proposed terms of this letter and case management plan with counsel for zulily, inc., on November 11, 2014, counsel for Converse sent the same documents to the remaining defendants. Counsel for zulily, inc., PW, Gina Group, and Ositos responded to counsel for Converse in response to Converse's correspondence. On November 18, 2014, counsel for Converse sent follow up correspondence to Lilly New York and Shoe Shox via hand delivery regarding the deadline to submit this letter and the November 24, 2014, Initial Status Conference. Lilly New York, Shoe Shox, Wenzhou, and Edamame have not responded to Converse's counsel.

   B.  <u>zulily, inc. Statement</u>:

On November 14, 2014, counsel for zulily, inc. formally agreed to waive service of the summons. Of note, the Complaint does not allege that zulily, inc. designed, manufactured or otherwise produced any of the so-called accused products, nor does it allege that zulily, inc. was notified of Converse's claims prior to the filing of the present action.

   C.  <u>PW Shoes Statement</u>:

Defendant PW Shoes, Inc. has agreed to waive service of process. It is Defendant PW Shoes, Inc. position that it did not violate Converse's common law or federal trademark rights in the sale of its products. Defendant PW Shoes, Inc. asserts the following affirmative defenses in this matter: The Complaint fails to state a claim upon which relief can be granted; Plaintiff's claims are barred, in whole or part, by the doctrine of in pari delicto; The Complaint is barred by the doctrine of laches; Defendant did not cause the alleged damages; damages, if any, are entirely attributable to other persons or entities and/or intervening causes; Plaintiff's claims are barred to the extent Plaintiff failed to mitigate its alleged damages; and Plaintiff has no damages.

   D.  <u>Gina Group Statement</u>:

Defendant GINA GROUP, LLC has agreed to waive service of process. It is Defendant GINA GROUP LLC's position that it did not violate Converse's common law or federal trademark rights in the sale of its products. Defendant GINA GROUP, LLC intends to assert in its answer among other things, the following affirmative defenses in this matter: The Complaint fails to state a claim upon which relief can be granted; Plaintiff's claims are barred, in whole or part, by the doctrine of in pari delicto; The Complaint is barred by the doctrine of laches; Defendant did not cause the alleged damages; damages, if any, are entirely attributable to other

persons or entities and/or intervening causes; Plaintiff's claims are barred to the extent Plaintiff failed to mitigate its alleged damages; and Plaintiff has no damages.

II.     DISCOVERY PLAN

       A.     Converse Statement:

Converse will require discovery on Defendants' alleged violations of Converse's Asserted Trademarks, Defendants' intent, and Converse's claim for monetary and injunctive remedies. In particular, this discovery will include Defendants' use, promotion, and sales of accused products, including their knowledge of Converse's trademark. Converse will also require discovery about Defendants' corporate structures and supply chains, consumer demographics, market and distribution channels, pricing and costing, and alternative product designs. Converse may also require discovery of non-parties regarding the distinctiveness of the Asserted Trademarks; the exclusiveness of Converse's use of the Asserted Trademarks; the non-functional nature of the Asserted Trademarks; the existence of alternative, non-infringing designs; and/or the existence of confusion and associations in the marketplace. This case will also require expert discovery, including trademark surveys and expert reports on a variety of issues including protectability, liability (e.g., likelihood of confusion and dilution), and remedies.

Discovery may be further complicated in this case because Edamame Kids, Inc. and Wenzhou Cereals Oils & Food Stuffs Foreign Trade Co. Ltd. are foreign defendants, residing in Canada and China, respectively, and it is anticipated that witnesses and documents will be primarily located in foreign jurisdictions.

Discovery will also be required on any affirmative defenses and/or counterclaims raised by Defendants.

       B.     zulily, inc. Statement:

With respect to defendant zulily, inc. those affirmative defenses are expected to include that any alleged infringement was done, if at all, innocently and without the necessary scienter; that Plaintiff's damages, if any, are limited by zulily, inc.'s innocent intent and the lack of the necessary scienter; that Plaintiff's claims are barred in whole or in part because Plaintiff has failed to mitigate its damages, if any; that Plaintiff's claims are barred in whole or in part by 47 U.S.C. § 230 (the Communications Decency Act); that Plaintiff's claims are barred in whole or in part by the doctrines of preemption, estoppel, waiver and laches; and that Plaintiff's claim for injunctive relief against zulily, inc. is moot.

       C.     Joint Statement:

For the reasons set forth above, this is a relatively complex case requiring substantial fact, non-party, and expert discovery, including discovery of eight defendants, two of which are foreign defendants. In preparation for the upcoming Initial Status Conference on November 24, 2014, the parties attach as Exhibit 1, a proposed Case Management Plan using the form provided with the Court's October 28, 2014, Order, including a proposed schedule of deadlines in Attachment A. The parties propose that discovery should be conducted and completed according to the proposed schedule attached in Attachment A to the proposed Case Management Plan, and

should be phased with fact discovery being completed first, followed by expert discovery, followed by dispositive motions.

As laid out in the proposed schedule, the parties agree that they will exchange Initial Disclosures pursuant to Fed. R. Civ. P. 26(a)(1) within one week after each Defendant files its Answer to the Complaint. The parties anticipate that they will be able to complete discovery, both fact and expert discovery, within about twelve months of the date that the last of the Defendants Answers the Complaint. The parties propose a deadline of October 16, 2015, for the completion of fact discovery, and January 22, 2016, for the completion of expert discovery, including the exchange of reports, rebuttal reports, and expert depositions.

Because this is a trademark case where expert surveys can be probative of relevant fact issues, the parties respectfully request that expert discovery precede the filing of dispositive motions, if any. The parties propose February 12, 2016, as the deadline to file dispositive motions.

Further to the parties' Rule 26(f), Fed. R. Civ. P., conference, the parties further agree to a plan for (1) electronically stored information ("ESI") and form of production; and (2) inadvertent production and clawback, as set forth in paragraphs G-H, respectively, of the enclosed proposed Case Management Plan.

The parties have both been advised of their obligation to preserve relevant and discoverable documents and ESI, and have suspended any deletion/modification programs in connection with relevant documents, communications, and/or ESI.

III.  CONTEMPLATED MOTIONS

The parties do not contemplate any motions at this time other than that Gina Group contemplates a motion to stay this proceeding based on the investigation of the ITC Commissioners as set forth in 1A.

IV.  REFERRAL TO MAGISTRATE JUDGE

The parties do not consent to referring the case to a magistrate judge for trial.


Respectfully submitted,

| /s/Katherine Laatsch Fink | /s/Hallie B. Levin |
|---|---|
| Robert L. Powley (RP 7674) | Hallie B. Levin |
| James M. Gibson (JG 9234) | Friedman Kaplan Seiler & Adelman LLP |
| Stephen M. Ankrom (SA 5375) | 7 Times Square |
| POWLEY & GIBSON, P.C. | New York, NY 10036 |
| 304 Hudson Street – Suite 202 | (212) 833-1128 |
| New York, NY 10013 | hlevin@fklaw.com |
| Telephone: (212) 226-5054 | |
| Facsimile: (212) 226-5085 | *Attorney for Defendant, zulily, inc.* |

    rlpowley@powleygibson.com
    jmgibson@powleygibson.com
    smankrom@powleygibson.com

    Christopher J. Renk (pro hac vice)
    Erik S. Maurer (pro hac vice)
    Michael J. Harris (pro hac vice)
    Katherine Laatsch Fink (pro hac vice)
    Audra C. Eidem Heinze (pro hac vice)
    Aaron P. Bowling (pro hac vice)
    BANNER & WITCOFF, LTD.
    10 S. Wacker Drive, Suite 3000
    Chicago, Illinois 60606
    Telephone: (312) 463-5000
    Facsimile: (312) 463-5001
    crenk@bannerwitcoff.com
    emaurer@bannerwitcoff.com
    mharris@bannerwitcoff.com
    kfink@bannerwitcoff.com
    aheinze@bannerwitcoff.com
    abowling@bannerwitcoff.com

***Attorneys for Plaintiff, Converse Inc.***

/s/Joseph A. Ruta
    Joseph A. Ruta
    Ruta Soulios & Stratis LLP
    1500 Broadway – 21st Fl.
    New York, NY 10036
    (212) 997-4500 (x219)
    jruta@lawnynj.com

***Attorney for Defendant, PW Shoes Inc.***

/s/Mike Hassan
    Mike Hassan
    Wachtel Missry LLP
    One Dag Hammarskjold Plaza
    885 Second Avenue, 47th Floor
    New York, New York 10017
    Direct Dial (212) 909-9501
    Fax   (212) 909-9421

***Attorney for Defendant, Gina Group, LLC***

CC: All counsel of record